**Jon STONE, Plaintiff—Appellant,**

v.

**UNITED STATES FOREST SERVICE, et al., Defendants—Appellees.**

No. 04–56009.

D.C. No. CV–01–00267–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 28, 2006.

Decided Aug. 3, 2006.

Richard W. Walden, Esq., Budd–Falen Law Office, P.C., Cheyenne, WY, for Plaintiff–Appellant.

M. Alice Thurston, Esq., David C. Shilton, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Defendants–Appellees.

Before GIBSON,* RYMER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jon Stone appeals the district court's judgment against him on his claim under the Administrative Procedure Act ("APA"). He argues that the United States Forest Service improperly cancelled his grazing permit because the agency failed to give him notice and an opportunity to demonstrate or achieve compliance. *See* 5 U.S.C. § 558(c). The APA's procedural protections do not apply, however, "in cases of willfulness." *Id.* Because the agency found Stone's conduct to be willful, and that finding was not arbitrary and capricious, we affirm.

We review the decision below with "no particular deference, because the district court, limited to the administrative record, is in no better position to review the agency than the court of appeals." *Great Western Bank v. Office of Thrift Supervision,* 916 F.2d 1421, 1426 (9th Cir.1990) (citation

---

\* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

omitted). Our review of the agency's action is narrower. We must affirm unless the cancellation decision was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or ... failed to meet statutory, procedural, or constitutional requirements." *Anchustegui v. Department of Agriculture,* 257 F.3d 1124, 1128 (9th Cir.2001) (citations omitted). We apply the arbitrary and capricious standard to the agency's factual findings. *See Muckleshoot Indian Tribe v. U.S. Forest Service,* 177 F.3d 800, 804 (9th Cir.1999).

Stone argues that the Forest Service's cancellation decision cannot be upheld based on the willfulness exception. He claims that the factual similarities between his case and *Anchustegui* compel reversal of the agency's action. But Stone is mistaken, because the circumstances of *Anchustegui* are different from those here. In *Anchustegui,* the court refused to consider the willfulness exception because that exception was never discussed in the administrative proceedings. *See Anchustegui,* 257 F.3d at 1129 ("the Forest Service did not find that Anchustegui's conduct was willful"). Here, by contrast, the Forest Service explicitly found that Stone's "excess use of the allotment ... is not considered a minor, technical violation and is considered a willful act." Because "the Forest Service did [] find that [Stone's] conduct was willful," 257 F.3d at 1129, *Anchustegui* is not controlling.

The only remaining question is whether this willfulness finding was arbitrary and capricious. For purposes of the APA, "a violation is 'wilful' if the violator '(1) intentionally does an act which is prohibited, irrespective of evil motive or reliance on erroneous advice, or (2) acts with careless disregard of statutory requirements.'" *Potato Sales Co. v. Department of Agriculture,* 92 F.3d 800, 805 (9th Cir.1996) (cita-

tion omitted). The record indicates that Stone violated his permit on numerous occasions. In 1999 alone, the Forest Service catalogued at least five separate permit violations. The repeated nature of these violations suggests that Stone was acting "with careless disregard of statutory requirements," *Potato Sales,* 92 F.3d at 805, and therefore supports an inference of willfulness. *See Holland Livestock Ranch v. United States,* 655 F.2d 1002, 1007 (9th Cir.1981) (finding substantial evidence of willfulness based on, *inter alia,* "a history of trespass and of ignoring the conditions upon his permits"). Because the willfulness finding was neither arbitrary nor capricious, the Forest Service was entitled to cancel Stone's permit without providing him notice and an opportunity to comply.

AFFIRMED.